UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAMES RICHARD KELLY,

    Plaintiff,

v.                                               3:08-cv-331

SEVIER COUNTY JAIL MEDICAL STAFF
and SEVIER COUNTY JAIL SHIFT SERGEANTS,

    Defendants.

## MEMORANDUM AND ORDER

This *pro se* prisoner's civil rights action under 42 U.S.C. § 1983 was filed *in forma pauperis* in the United States District Court for the Middle District of Tennessee, Nashville Division, and transferred to this court without service of process. For the reasons stated below, service of process shall not issue and this action will be **DISMISSED**.

Plaintiff's complaint concerns the conditions of his confinement on medical lockdown while he was incarcerated in the Sevier County Jail. As defendants, plaintiff has named the Sevier County Jail Medical Staff and the Sevier County Jail Shift Sergeants.

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir.

1992). For purposes of § 1983, "person" includes individuals and "bodies politic and corporate." *Monell v. Department of Social Services of City of New York.*, 436 U.S. 658, 690 & n. 55 (1978); *Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir.1997). The medical department or staff of a prison or jail are not "persons" under § 1983. *Hix v. Tennessee Department of Corrections*, 196 Fed.Appx. 350, 355 (6th Cir. 2006). Accordingly, the Sevier County Jail Medical Staff is not a suable entity under § 1983.

With respect to the Sevier County Jail Shift Sergeants, plaintiff must name those persons individually; he cannot simply name as defendants the "Shift Sergeants." Pursuant to the Prison Litigation Reform Act, courts no longer have discretion to allow a plaintiff to amend his complaint to avoid dismissal. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997); *see also Hawkins v. Morse*, No. 98-2062, 1999 WL 1023780 *1 (6th Cir. Nov. 4, 1999) ("The PLRA requires district courts to screen cases at the moment of filing. The court is not required to allow a plaintiff to amend his complaint in order to avoid a sua sponte dismissal.") (citations omitted).

Based upon the foregoing, this action is **DISMISSED** *sua sponte*, for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**ENTER:**

        s/ Thomas W. Phillips
        United States District Judge